## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARRY BENSON, JR., | : | |
| Plaintiff | : | CIVIL ACTION NO. 4:07-1804 |
| v. | : | (MCCLURE, D.J.) |
| | | (MANNION, M.J.) |
| DR. LASKY, DR. BERQOUSKAYA, DR. MILLS, SCI-HUNTINGDON MEDICAL STAFF, PAULA RUANE, SHERYLL MILLER, CHRIS SMITH, D. KEMPERLY, D. WOOLINGHAMLY, JOHN FORNEY, MIKE BROWN, EUGENE HARRIS, SUPERVISOR AND STAFF OF GAUDENZIA SIENA HOUSE, PAROLE AGENT AND SUPERVISOR, and MIKE BOWMAN, | : | |
| Defendants | : | |

### REPORT AND RECOMMENDATION

On October 4, 2007, the plaintiff, an inmate at the State Correctional Institution, Huntingdon, ("SCI-Huntingdon"), Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. No. 1). In addition, the plaintiff filed a prisoner authorization form. (Doc. No. 2). On October 16, 2007, the plaintiff filed a motion for leave to proceed in forma pauperis. (Doc. No. 5). The complaint will now be given preliminary consideration pursuant to 28 U.S.C. §1915.

Upon review, the plaintiff's complaint essentially divides into three claims. In the first, the plaintiff complains of medical treatment he received for a condition which began in the year 2004. Specifically, the plaintiff

alleges:

> In October 2004, plaintiff began having leg and back problems as a result of the coldness of his prison cell and having to sleep on steel bed which caused poor circulation. In November 2004 plaintiff attempted to get up from bed but collapsed because of no blood flow to legs and suffered a serious injury. Defendants improperly diagnosed the medical condition and prescribed generic medications which ate parts of stomach lineing (sic) and caused extreme abdominal pain. Defendants forced plaintiff to take medication or receive a misconduct report. Plaintiff suffered continuously as a result of these defendants improper diagnosis and failure to treat clear injury and forcing of wrong medication upon plaintiff.

(Doc. No. 1, p. 2).

With respect to this claim, the plaintiff has failed to provide sufficient detail in order for the court to make a determination as to whether he can proceed. Specifically, although the plaintiff alleges that he began having problems in October 2004, he does not indicate when the alleged improper diagnoses and treatment occurred. Moreover, he does not indicate which, if any, of the named defendants were involved in the alleged improper diagnosis and treatment for his condition. As a result, upon remand, the plaintiff should be permitted to file an amended complaint with respect to this claim.

Next, the plaintiff alleges inadequate medical treatment when transferred to Gaudenzia Sienna House. Specifically, the plaintiff alleges:

> On February 22, 2006, plaintiff was all of a suddenly released after seeking legal assistance to challenge actions of prison staff and sent to Gaudenzia Sienna House Treatment Facility wherein defendants knew of plaintiff medical condition and need for treatment.

>Plaintiff began treatment at Pinnacle Health Center and was scheduled for surgery. Defendants forced plaintiff to cancell (sic) and the doctors rescheduled for December 27, 2006. And again plaintiff was forced by defendants to cancell (sic) and find a (sic) apartment[.]

(Doc. No. 1, p. 2).

With respect to this claim, the plaintiff currently has pending before the court another civil rights action in which he raises the same claim. See Civil Action No. 4:07-0353. That action is awaiting briefing on a motion to dismiss the plaintiff's complaint filed by the defendants. Given this, the plaintiff's claim with respect to inadequate medical treatment while confined at Gaudenzia Sienna House should be dismissed as duplicative of the claims raised in Civil Action No. 4:07-0353.

Finally, the plaintiff raises claims with respect to interference with his right to enter into a contract. Specifically, the plaintiff alleges:

>On January 25, 2007 plaintiff entered into a contract with defendant Michael Bowman to lease an apartment for 2 years. However defendants fabricated information and interfered with the contract and caused it's (sic) dissolution. On February 22, 2007 plaintiff was sent to prison on fabricated allegations that he said to someone else that said to someone else something. Defendants have . . . interfere[d] with contract rights . . .

(Doc. No. 1, p. 2).

Again, the plaintiff had previously filed another civil rights action in which he raised this same claim. See Civil Action No. 4:07-0352. That action was dismissed by the court with prejudice by order dated June 14, 2007.

3

Therefore, this claim should also be dismissed.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

**(1)** the plaintiff's motion to proceed in forma pauperis, (Doc. No. 5), be **GRANTED**;

**(2)** the plaintiff be permitted to proceed with his medical treatment claim which resulted from his condition in October 2004;

**(3)** the plaintiff's claims relating to his medical treatment at Gaudenzia Sienna House be **DISMISSED** as duplicative of the claims raised in Civil Action No. 4:07-0353; and

**(4)** the plaintiff's claims relating to the interference in his right to contract be **DISMISSED** as duplicative of the claims raised by the plaintiff in Civil Action No. 4:07-0352, which have been dismissed with prejudice by order of court.

                                        **s/ Malachy E. Mannion**
                                        **MALACHY E. MANNION**
                                        **United States Magistrate Judge**

**Date:** October 23, 2007

O:\shared\REPORTS\2007 Reports\07-1804.01.wpd