IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARRY BENSON, JR., | : | |
| | : | Civil Action No. 4:CV-07-01804 |
| Plaintiff, | : | |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| DR. LASKY, et al., | : | |
| | : | (Magistrate Judge Mannion) |
| Defendants. | : | |

**O R D E R**

November 20, 2007

On October 4, 2007, plaintiff Barry Benson, Jr., an inmate at the State Correction Institution, Huntingdon, Pennsylvania, pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 against defendants Dr. Lasky, Dr. Berqouskaya, Dr. Mills, SCI-Huntingdon Medical Staff, Paula Ruane, Sheryll Miller, Chris Smith, D. Kemperly, D. Woolinghamly, John Forney, Mike Brown, Eugene Harris, Supervisor and Staff of Gaudenzia Siena House, Parole Agent and Supervisor, and Mike Bowman.

The matter was initially referred to United States Magistrate Judge Malachy E. Mannion. On October 23, 2007, after conducting an initial screening of the complaint pursuant to 28 U.S.C. § 1915A, the magistrate judge issued a four-page report and recommendation. (Rec. Doc. No. 6.) The magistrate judge

1

Case 4:07-cv-01804-JFM-MEM   Document 9   Filed 11/20/07   Page 2 of 5

recommended that plaintiff's claims relating to his medical treatment at Gaudenzia Sienna House be dismissed as duplicative of Civ. No. 07-0353 and that his claim of interference with his right to contract be dismissed as duplicative of Civ. No. 07-0352.  Finally, the magistrate judge concluded that plaintiff be permitted to proceed with his medical treatment claim resulting from his October 2004 condition but that the plaintiff be required to file an amended complaint to more clearly state what happened and which defendants were involved.

No objections have been filed to the magistrate judge's report and recommendation.  On November 11, 2007, however, plaintiff filed an amended complaint.  (Rec. Doc. No. 7.)  Additionally, on November 15, 2007, plaintiff filed a motion for appointment of counsel.  (Rec. Doc. No. 8.)  Because plaintiff has not objected to the magistrate judge' report to the extent that it recommends the dismissal of the duplicative claims and because we agree that these claims should be dismissed, we will dismiss these claims.  With respect to the claim relating to his medical treatment at Gaudenzia Sienna House, this claim is dismissed as duplicate of Civ. No. 07-0353 and defendants the Supervisor and Staff of Gaudenzia Siena House are dismissed as defendants in this case.  With respect to his claim of interference with his right to contract, this claim is dismissed as duplicative of Civ. No. 07-0352 and defendants Parole Agent and Supervisor and

Michael Bowman are dismissed as defendants in this case.

Finally, with respect to the claim regarding plaintiff's October 2004 medical condition, we agree with the magistrate judge's report that the complaint requires more detail. Furthermore, we note that plaintiff has filed an amended complaint that adds detail to these allegations. Yet, we depart from the magistrate judge's reasoning that this claim be permitted to proceed pending the amendment which has now occurred.

The Eighth Amendment requires prison officials to provide basic medical treatment to those incarcerated. Estelle v. Gamble, 429 U.S. 97, 104 (1976). In order to state an Eighth Amendment medical claim upon which relief may be granted, plaintiff must allege that defendant acted with deliberate indifference to his serious medical needs. Id. at 104-05. "Deliberate indifference falls somewhere between mere negligence (carelessness) and actual malice (intent to cause harm)." McCabe v. Prison Health Services, 117 F.Supp.2d 443, 450 (E.D.Pa. 1997) (Brody, J.) (citing Farmer v. Brennan, 511 U.S. 824, 836-37 (1994).

In the instant case, although plaintiff claims "deliberate indifference", his factual allegations only amount to negligence. For example, plaintiff has alleged that the pain reliever prescribed by defendants caused him stomach pain. (Rec. Doc. No. 7, at 3-4.) Similarly, he has alleged that defendants "improperly

diagnosed his medical injury and improperly treated the same." (Id. at 4.) Therefore, because allegations of negligence are insufficient for an Eighth Amendment claim, plaintiff's amended complaint fails to state a claim upon which relief may be granted.

The only remaining consideration is whether to grant plaintiff leave to amend or whether to dismiss the complaint. Pro se plaintiffs should be given the opportunity to amend their complaints unless it clearly appears that the deficiency cannot be overcome by amendment. Weaver v. Wilcox, 650 F.2d 22, 27 (3d Cir. 1981). One reason to deny leave to amend is if amendment would be futile. In Re Burlington Coat Factory Sec. Litig., 144 F.3d 1410, 1434 (3d Cir. 1997). In the instant case, defendant has already filed an amended complaint in order to plead his allegations in more detail. Despite the amendment, the complaint still fails to allege a constitutional violation. Therefore, we believe that any further amendment would be futile, as the only way that plaintiff could amend his complaint to state a constitutional violation would be to provide a different version of events, and we will not permit him to do so. Therefore, we will dismiss the remaining portion of the original complaint and the amended complaint. Finally, having found that the complaint and amended complaint are subject to dismissal, we will deny plaintiff's motion for appointment of counsel.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. United States Magistrate Judge Malachy E. Mannion's Report and Recommendation is adopted to the extent consistent with this opinion. (Rec. Doc. No. 6.)

2. The complaint and the amended complaint are dismissed without prejudice for failure to state a claim upon which relief can be granted and as duplicative of other civil actions. (Rec. Doc. Nos. 1 and 7.)

3. Plaintiff's motion for appointment of counsel is DENIED. (Rec. Doc. No. 8.)

4. The clerk is directed to close the case file.

                                                   s/ James F. McClure, Jr.
                                                   James F. McClure, Jr.
                                                   United States District Judge